UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

COREY RUSSELL,

          Plaintiff,

    v.

KIMBERLY THORNTON, *et al.*,

          Defendants.

Case No.  2:26-cv-0324-JDP (P)

ORDER

Plaintiff, a state prisoner, vaguely alleges that defendants denied him adequate medical care.  After reviewing the complaint, I find that his claims are not sufficiently developed to put each defendant on notice of the allegations being made against her or him.  I will dismiss the complaint with leave to amend so that plaintiff may explain why this action should proceed.  I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, and deny his request for appointment of counsel, ECF No. 8.

**Screening Order**

**I.**    **Screening Standards**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

1

claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted). The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Analysis

Plaintiff alleges that defendants have violated his Eighth Amendment rights by denying him adequate medical care. He fails, however, to describe the particulars of his claims, including how each defendant is culpable in that alleged violation and what specific injuries he suffered. Much of the complaint is devoted to recitations of case law and legal standards. ECF No. 1 at 3-4. Even the nature of plaintiff's medical issues is left vague, with plaintiff alleging only that he suffered a "sever[e] injury to [his] back" and that he has "severe chronic pain and suffering." *Id.* at 3, 5. If this action is to proceed, plaintiff must allege what medical issues defendants failed to

2

address, how he was injured, and what role each named defendant played in denying him adequate care. I note that plaintiff has appended numerous grievance documents to the complaint, but I decline to review these and infer claims that plaintiff has not raised explicitly.

I will dismiss the complaint with leave to amend so that plaintiff may address these issues. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Additionally, I will deny plaintiff's motion to appoint counsel. ECF No. 8. Therein he professes ignorance of the law and notes that it is his first civil rights action. *Id.* at 1. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and I lack the authority to require an attorney to represent him. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). I may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, I will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

I cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. The allegations in the complaint are, as yet, not exceptionally complicated. Further, plaintiff has not demonstrated that he is likely to succeed on the merits. Finally, plaintiff's lack of familiarity with the law is not a sufficient reason to warrant appointment of counsel. Most prisoners face similar challenges litigating civil rights actions and I cannot appoint counsel for all of them. For these reasons, plaintiff's motion to appoint counsel, ECF No. 8, is denied without prejudice. I may revisit this issue at a later stage of the proceedings if the interests of justice so require. If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel in this case.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

6. Plaintiff's motion to appoint counsel, ECF No. 8, is DENIED.

IT IS SO ORDERED.

Dated:    March 12, 2026    

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE